# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISTIN SHUBERT, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) |
| v. | )<br>) |
| TOWN OF GLASTONBURY, | )<br>) |
| Defendant. | ) JANUARY 19, 2018<br>)<br>) |

## COMPLAINT

**THE PARTIES**

1.      Plaintiff Kristin Shubert is a resident of the Town of Newington, Connecticut. She brings this complaint against the Town of Glastonbury for discrimination against her in the terms and conditions of her employment as a police officer.

2.      The Defendant Town of Glastonbury (the "Town") is a municipality within the State of Connecticut and is Plaintiff's employer.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff asserts a claim under 42 U.S.C. § 2000e.

1725683

4.      Venue is proper in this District as Plaintiff and Defendant are both located within the District and all relevant conduct occurred within this District.

**FACTUAL ALLEGATIONS**

5.      Plaintiff has been employed continuously by the Town in the Glastonbury Police Department (the "Department") since March 31, 1997.

6.      Plaintiff is female and throughout her employment by the Town she has been one of only a handful of female police officers in the Department. Approximately ninety percent (90%) of the Department's sworn police force is male and that proportion has not changed materially in the last twenty (20) years. When non-sworn personnel are included, approximately eighty percent (80%) of the Department employees are male.

7.      At all times material herein, Richard J. Johnson, who is male, has been Glastonbury Town Manager, with ultimate responsibility for hiring and promotions within the Police Department.

8.      All promotions within the Department are made through promotional examinations. To be eligible to take an examination, an officer must serve for two years in the position below the rank for which the examination is posted. Examinations are normally scheduled once a promotional opening occurs. The top three candidates, based on their examination scores, are eligible for promotion. Examination results are valid for one year.

9.      In 2004, after serving first as a "Police Officer I" and then as a "Police Officer II," Plaintiff took and passed a promotional exam and was promoted in September of that year to the position of "Police Agent."

10. After serving two (2) years as a Police Agent, Plaintiff became eligible in 2006 to take an examination for Police Sergeant.

11. Plaintiff took and passed an examination for Sergeant in 2009.

12. The examination scores were ranked and the top three scorers were eligible for promotion. Plaintiff tied for the top score. However, Plaintiff was passed over for the first and second open positions. Each time that Plaintiff was passed over for promotion to a vacant position as Sergeant, then-Chief Thomas Sweeney, who is male, told her, "It's not your time." Two male officers were promoted instead.

13. The list of officers eligible for promotion expired after a year and Plaintiff took, and passed, another promotional examination. Eventually, in 2013, Plaintiff was promoted to Sergeant, along with two male officers. Plaintiff became the first female police officer above the rank of Police Agent. Only one other female holds the rank of Police Agent. All other female officers are in the lowest-ranking positions as Police Officer I or II.

14. Plaintiff graduated from college with a bachelor's degree in 1993. While serving as a Police Agent, Plaintiff enrolled in law school and graduated in 2014, the year after she was promoted to Sergeant.

15. After two years of service as Sergeant, Plaintiff became eligible in February 2015 to take the Lieutenant's examination. A Lieutenant position became open in April, 2016.

16. The Department announced the Lieutenant examination and required that applications had to be received by September 23, 2016.

17. Kevin Szydlo, who is male and joined the Glastonbury Police Department in 2005, had been promoted to Sergeant on October 19, 2014. He was ineligible for promotion to Lieutenant until his two-year anniversary, on October 19, 2016. The examination announcement stated that a candidate would have to have completed two years of experience as Sergeant by the date of the written exam. The written examination was scheduled for October 25, 2016, six days after Szydlo's two-year anniversary.

18. Plaintiff was the top scorer on the Lieutenant examination and therefore in number one position on the list of officers eligible for promotion.

19. However, Plaintiff was passed over for promotion and Kevin Szydlo was promoted instead.

20. The scheduling of the Lieutenant examination at a time that coincided with Szydlo's eligibility to take the exam, Szydlo's promotion, and the decision not to promote Plaintiff, were all within the time frame that David Caron, who is male, was the Glastonbury Police Chief. The decision not to promote Plaintiff, and to promote Kevin Szydlo instead, was made by Johnson and Chief Caron, and disclosed to Plaintiff in December, 2016.

21. While he served as Police Chief, Chief Caron used his official email account at the Department to email numerous photographs of nude women to some of his friends.

22. Caron's depictions of women as sex objects exemplified his attitude towards females and the attitude of the male-dominated Department management.

23. When confronted by the Hartford <u>Courant</u> about his use of the Department's computer facilities to distribute nude female photographs, Chief Caron immediately, on December 14, 2016, applied for retirement from the Department. Town Manager Johnson accepted Caron's sudden retirement without conducting any internal investigation. Johnson appointed former Chief Thomas Sweeney, who previously had retired, to run the department as Interim Chief.

24. Town Manager Johnson announced Szydlo's promotion in a memorandum posted December 15, 2016. The announcement also listed promotions of three other male officers. No female officers were promoted. The effective date of the four promotions was December 18, 2016.

25. After being informed of the decision to deny her promotion and to promote Szydlo instead, Plaintiff protested the decision in meetings with Chief Caron, with Human Resource Director Sherri Tanguay; with Interim Chief Sweeney and with Town Manager Johnson. Plaintiff expressed her concern that her female gender was a factor in failing to promote her. The male Chiefs and Town Manager asserted that Plaintiff was deficient in certain areas. However, no such deficiencies had ever been documented. Plaintiff's evaluations had been consistently positive.

26. Town Manager Johnson took no remedial action in response to Plaintiff's protests.

27. Compared with Szydlo, Plaintiff has eight (8) years' more experience and six years' more supervisory experience in the Department. Also, Szydlo had only just completed an associate's degree at the time of the promotional examination, while Plaintiff has a juris doctor degree.

28. Szydlo's record included specific deficiencies that were overlooked by the Defendant in promoting him instead of Plaintiff.

29. Based on the length and depth of her experience with the Glastonbury Police Department; her qualifications and training; her work in specialized units; the length of her tenure; her academic qualifications that include bachelor's and juris doctor degrees; her consistently high performance in the job as reflected in her evaluations; her consistent top scores on examinations, including, especially, her top score on the Lieutenant promotional examination; and the deficiencies in Szydlo's record, Plaintiff was the best-qualified candidate for the position of Lieutenant.

30. The decision to pass Plaintiff over for promotion in favor of a less-experienced and less-qualified male candidate was a result, in whole or in part, of gender discrimination practiced by the male former Police Chief, David Caron, the male Town Manager, Richard Johnson, and the male Interim Police Chief, Thomas Sweeney, all on behalf of the Defendant Town.

31. As a result of the discriminatory treatment to which Plaintiff has been subjected, she has suffered and will in the future suffer loss of income, lost career opportunities, reduction in future pension benefits, loss of prestige, and emotional distress.

32. Plaintiff filed a discrimination complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) and with the U.S. Equal Employment Opportunities Commission (EEOC).

33. The CHRO and the EEOC have released jurisdiction over Plaintiff's complaint.

**COUNT ONE: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e et seq.**

1-33.   Plaintiff incorporates herein by reference Paragraphs 1-33 above as if fully set forth herein.

34.   Defendant's conduct is in violation of Title VII of the Civil Rights Act, 42 U.S.C.2000e–2(a)(1) et seq.

35.   Plaintiff seeks all remedies available to her in law and equity.

**COUNT TWO: DISCRIMINATION IN VIOLATION OF CONNECTICUT STATUTES 46A-60 et seq.**

1-33.   Plaintiff incorporates herein by reference Paragraphs 1-33 above as if fully set forth herein.

34.   Defendant's conduct is in violation of the Connecticut Fair Employment Practices Act, 46a-60 et seq.

35.   Plaintiff seeks all remedies available to her in law and equity.

**WHEREFORE, PLAINTIFF CLAIMS:**

1. Equitable relief;

2. Back Pay;

3. Front pay;

4. Emotional distress damages;

5. Attorneys' fees and costs; and

6. Such other relief as the court may deem just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY.**

Pursuant to Conn. Gen. Stat. § 46a-103, a copy of this complaint shall be served upon the Commission on Human Rights and Opportunities.

PLAINTIFF,
KRISTEN SHUBERT

By:   _/s/Andrew L. Houlding, Esq._
     ANDREW L. HOULDING, ESQ.
     Federal Bar No.: ct12137
     Updike, Kelly & Spellacy, P.C.
     265 Church Street
     New Haven, CT 06510
     Tel: (203) 786-8315
     Fax: (203) 772-2037
     ahoulding@uks.co
