## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KRISTIN SHUBERT,

*Plaintiff*,

v.

TOWN OF GLASTONBURY,

*Defendant*.

No. 3:18-cv-00112 (MPS)

### RULING ON MOTION TO SUPPLEMENT COMPLAINT

Two and a half months before the scheduled trial date in this employment discrimination action and almost two years after the close of discovery, the plaintiff has moved to supplement her complaint to allege new damages based on events that occurred after the complaint was filed. (ECF No. 63.)  The defendant opposes the motion.  For the reasons set forth below, I DENY the motion.  I assume familiarity with the complaint, the plaintiff's motion to amend, the defendant's opposition brief, and the procedural history of this case.

### I.      Legal Principles

Although the plaintiff's motion is styled as a "motion for leave to amend" and invokes Rule 15(a)(2), it is more properly considered as a motion to supplement the complaint under Rule 15(d) because it seeks to add factual allegations about events postdating the complaint. Rule 15(d) of the Federal Rules states that "the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented."  Courts in the Second Circuit apply the same standards

1

to motions to supplement a complaint under Rule 15(d) as to motions to amend under Rule 15(a)(2). *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F. Supp.2d 376, 383 n. 1 (D. Conn. 2008). In this case, because the deadline in the Court's scheduling order for amending the pleadings has passed, those standards include not only the liberal amendment policy of Rule 15 but also the requirement of Rule 16 that a party seeking to modify a scheduling order show "good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) ("Where, as here, a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." (internal citations and quotation marks omitted")). "Whether good cause exists turns on the diligence of the moving party." *Id.* at 335.

"If the moving party demonstrates diligence under Rule 16, the court then applies Rule 15(a) [in this case, Rule 15(d)] to determine whether the amendment is otherwise proper." *Kleeberg v. Eber*, 331 F.R.D. 302, 314 (S.D.N.Y. 2019). The relevant considerations under Rule 15 are whether the proposed amendment would be futile, whether the motion to amend was filed in bad faith, whether the requested amendment will cause undue delay, and whether it would unduly prejudice the nonmoving party. *Id.* "In determining what constitutes 'prejudice,' [the Second Circuit] generally consider[s] whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotation marks omitted).

## II.        Discussion

I need not reach the Rule 15 considerations in this case, because I find, under Rule 16, that the plaintiff has failed to show diligence and thus has failed to demonstrate the good cause required to amend the scheduling order to permit the proposed supplement.  The scheduling order in this case required that motions to amend the pleadings be filed no later than April 8, 2018 (ECF No. 14) – some thirty months before the plaintiff filed the October 21, 2020 motion that is the subject of this ruling.  Discovery closed on November 30, 2018, and the defendant filed a motion for summary judgment, which the Court denied on February 14, 2020.  Thereafter the case was transferred to me, and on August 31, 2020, I set a trial date of January 6, 2021.  The plaintiff's proposed amendment thus comes well over two years late and with the trial in view.

To be sure, because the plaintiff's motion to supplement is based on events that occurred after the complaint was filed – rather than on facts that the plaintiff knew or should have known when she filed the complaint – it is necessary to look beyond the timeline sketched above and to consider the new events themselves to determine if the plaintiff was diligent and to avoid a wooden application of the amendment deadline.  The proposed supplement seeks to add allegations that the defendant's discriminatory failure to promote the plaintiff, which occurred in December 2016, ultimately caused the plaintiff to decide – in December 2018 – to retire from the Glastonbury Police Department five years earlier than she otherwise would have.  Specifically, the plaintiff alleges that, although she "had planned to serve in the Department for at least another five years",  "she retired at the end of 2018 and began a legal career" because of the "emotional distress and disappointment arising from the Defendant's discrimination."  (ECF No. 63-1 at 7.)  These new allegations, if allowed, could increase the plaintiff's damages by adding pension benefits and salary she would have received had the defendant's discrimination not led her to retire prematurely.

3

Case 3:18-cv-00122-MPS   Document 65   Filed 11/02/20   Page 4 of 6

Unless the plaintiff decided to retire several months before she announced her decision in December 2018, she could not have included these allegations in the original complaint or in a timely amendment per the April 8, 2018 deadline in the scheduling order.  The plaintiff does not provide any details about exactly when she decided to retire – and it is her burden to show "good cause" for a modification of the scheduling order under Rule 16 –, but I will give her the benefit of the doubt and assume that she had not done so by April 8, 2018.  But that still leaves the question of whether, given her retirement in December 2018, her motion filed almost two years later – in October 2020 – demonstrates diligence.  I find that it does not.  The motion itself does not even attempt to make a showing of diligence.  It says nothing about the procedural timeline in this case, exactly when the plaintiff made her decision to retire, or why the motion was not filed closer in time to her announcement of that decision in December 2018.  Instead, it journeys downs a tangent relating to whether her claim for post-retirement pension benefits is "reasonably related" to the allegations in her original complaint.  Couched in the language of exhaustion, that issue is beside the point here.[1]

A showing of diligence here would have required some explanation of when, in relation to the November 30, 2018 deadline for completing discovery, the plaintiff made her decision to retire – as opposed to when she announced it.  There is at least some reason to doubt that the

---

[1] The purpose of the plaintiff's "reasonably related" discussion appears to be to try to show that the defendant would not be prejudiced by the proposed supplement.  ECF No. 63 at 4 ("Due to the connection between the discrimination and Plaintiff's early retirement-related losses, there is no unfair prejudice in allowing Plaintiff to add post-retirement damages to her claims because Defendant could reasonably foresee that the discrimination alleged by Plaintiff, the ongoing emotional distress related to such discrimination, and the work environment following Plaintiff's commencement of her CHRO/EEOC action would lead to an earlier-than-anticipated retirement and related losses.").  I do not find this "no prejudice" argument convincing.  A defendant is on notice of the claims alleged in the complaint, and the complaint in this case nowhere suggests that (a) the plaintiff would retire during the litigation or otherwise prematurely, (b) there was a problematic "work environment following Plaintiff's commencement of her CHRO/EEOC action," or (c) the plaintiff would seek post-retirement damages. The defendant therefore had no reason to ask the plaintiff about these issues during her deposition or otherwise to explore her new damages claim in discovery.

4

making and the announcing of the decision occurred in close sequence because, despite her

"emotional distress and disappointment," the plaintiff chose to stay in her position for two years

after the allegedly discriminatory failure to promote, which was just long enough to complete

twenty years with the department – an important milestone for pension benefit purposes.  (ECF

No. 64 at 10.)  A showing of diligence would also have required some explanation of why the

plaintiff did not file the motion to supplement as soon as possible after she announced her

retirement, i.e., in late 2018 or very early 2019.  Filing the motion at that time, along with a

motion to amend the scheduling order to permit further discovery of the new damages claims

associated with the plaintiff's proposed supplement, would have kept the litigation on a

reasonable track toward completion and would also have stood a decent chance of persuading the

Court to accommodate this new claim.  Although the discovery period had expired at the end of

November, the Defendant had, when the plaintiff announced her retirement, not yet filed its

motion for summary judgment, which was due, per the scheduling order, and filed on January

15, 2019.  Even if the defendant had opposed a motion to supplement filed by the plaintiff at that

time, the Court would have had to take into account that the proposed supplement had been filed

within a week or two of the events that were the subject of the new allegations, and that there

would have been, at that time, little prejudice to the defendant in reopening discovery and

postponing the deadline for filing dispositive motions.  But, of course, that is not what happened.

Instead, the plaintiff allowed another 22 months to pass – in which the Court adjudicated the

summary judgment motion, the parties attended a mediation, the Court set the trial date, and the

Court heard argument on motions in limine – before filing the motion to supplement.  The

plaintiff has offered no reason for her delay.  Under these circumstances, I find that the plaintiff

has failed to make the requisite showing of diligence and I deny the motion.

### III.     Conclusion

For the reasons set forth above, I hereby DENY the plaintiff's motion to supplement the complaint.

IT IS SO ORDERED.

_____/s/_____

Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                November 2, 2020